1  FOLGER LEVIN & KAHN LLP
   Susan W. Ansberry (SB# 121300, sansberry@flk.com)
2  Cecilia C. Ogbu (SB# 227103, cogbu@flk.com)
   Embarcadero Center West
3  275 Battery Street, 23rd Floor
   San Francisco, CA 94111
4  Telephone: (415) 986-2800
   Facsimile: (415) 986-2827
5
   Attorneys for Defendant Prudential Financial, Inc.
6

7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA                **MEJ**
9

10 JOSEPH Y. ALOUF,                    CASE NO.
11              Plaintiff,            **C 07 3893**
                                     NOTICE OF REMOVAL OF CIVIL
12      v.                           ACTION TO FEDERAL COURT UNDER
                                     28 U.S.C. SECTION 1441(b) (Diversity of
13 PRUDENTIAL FINANCIAL,             Citizenship)
   INCORPORATED, a corporation, and DOES
14 ONE through TEN, inclusive,
                                     Complaint Filed:   June 22, 2007
15              Defendant(s).

16

17

18 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19      Please take notice that Prudential Financial, Inc. (hereinafter "Defendant") hereby gives

20 notice of removal of the above-captioned action from San Francisco Superior Court, Case No.

21 CGC-07-464537, to the United States District Court, Northern District of California, and states:

22      i.      On or about June 22, 2007, a civil action was commenced in San Francisco

23 Superior Court, State of California, by the filing of a Complaint entitled *Joseph Y. Alouf v.*

24 *Prudential Financial, Incorporated, a corporation, and DOES ONE through TEN, inclusive*, Case

25 No. CGC-07-464537 ("the State Action") in the files of said court.

26      ii.     The first date of service of process on which any of the defendants was served in

27 this matter was on July 2, 2007, when Plaintiff Joseph Y. Alouf (hereinafter "Plaintiff") served

28 Defendant with a copy of the Summons and Complaint in the State Action via personal service.

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441(B);
CASE NO.

1       iii.    Attached hereto as Exhibit A is a true and correct copy of the Civil Cover Sheet,

2   Summons, the Complaint in the State Action, Notice to Plaintiff Setting Case Management

3   Conference, and Alternative Dispute Resolution Information Package, which constitutes all of the

4   papers and pleadings served on Defendant in the State Action.

5       iv.    Attached hereto as Exhibit B is a true and correct copy of the Answer filed by

6   Defendant in the State Action on July 30, 2007.

7       v.    This Court has original jurisdiction over the above-described civil action pursuant

8   to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the

9   amount in controversy exceeds $75,000, exclusive of interest and costs, because the relief

10  Plaintiff seeks would provide him stock options to purchase approximately 1900 shares of

11  Defendant's stock at the price that Plaintiff would have been able to purchase the shares on June

12  27, 2005. The option price to Plaintiff on June 27, 2005 was $33.55 per share, which was below

13  the market price at that time. On the date that Plaintiff filed his complaint, June 22, 2007, the

14  market price for that same stock was $96.95 per share. Further, Plaintiff also seeks additional

15  general and special damages. The action therefore is removed on the ground of diversity pursuant

16  to 28 U.S.C. § 1441(b).

17      vi.    At the time this action was filed, Plaintiff Joseph Y. Alouf was and still is a citizen

18  and resident of the State of California, as alleged in Paragraph 1 of Plaintiff's Complaint.

19      vii.    At the time of the commencement of this action, Defendant Prudential Financial,

20  Inc. was, and still is, a corporation incorporated under the laws of the State of New Jersey with its

21  headquarters and principal place of business located in the State of New Jersey.

22      viii.    Written notice of the filing of this Notice of Removal is being served on Plaintiff's

23  counsel on this date, July 31, 2007.

24      ix.    A true and correct copy of this Notice of Removal is being filed this date, July 31,

25  2007, with the Clerk of the San Francisco Superior Court, State of California.

26      x.    In that this Notice of Removal is filed within 30 days of the service of the

27  Summons and Complaint on Defendant, removal of this action is timely. 28 U.S.C. § 1446(b);

28  *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322,

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-2-

1    1329 (1999) (removal period runs from simultaneous service of summons and complaint).

2        WHEREFORE, Defendant hereby requests that the civil action now pending against it in

3    the San Francisco Superior Court, State of California, be removed to this Court as provided by

4    law.

5

6    Dated: July 31, 2007               FOLGER LEVIN & KAHN LLP

7

8

9                                     Cecilia C. Ogbu

10                Attorneys for Defendant Prudential Financial, Inc.

11    75090\5001\559393.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441(B);
CASE NO.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

141932

Edwin Bradley
Edwin Bradley
One Maritime Plaza, Suite 400
San Francisco, CA 94111
TELEPHONE NO: 415 434 3101     FAX NO: ( )     –
ATTORNEY FOR *(Name)*: Plaintiff: Joseph Y. Alouf

**F I L E D**
San Francisco County Superior Court

✓ JUN 2 2 2007

GORDON PARK-LI, Clerk
BY: _Jia P. Pance_
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CGC-07-464537** |
| | | JUDGE: |
| | | DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[X] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*:   three
5. This case [ ] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 21, 2007

Edwin Bradley
(TYPE OR PRINT NAME)

▶ _Edwin Bradley_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 3.220, 3.400-3.403 Standards of Judicial Administration, § 19 www.courtinfo.ca.gov |
|---|---|---|

Martin Dean's ESSENTIAL FORMS

Joseph Y. Alouf

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
PRUDENTIAL FINANCIAL, INCORPORATED,

a corporation, and DOES ONE through TEN,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
Joseph Y. Alouf

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court

**CASE NUMBER:**
*(Número del Caso):* CGC-07-464537

400 McAllister Street          San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Bradley
One Maritime Plaza, Suite 400          San Francisco, CA 94111
415 434 3101

DATE: **JUN 2 2 2007**    Gordon Park-Li    Clerk, by    Jun Panelo    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☒ on behalf of *(specify)* :
   under:  ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)* :

4. ☒ by personal delivery on *(date)* : 7/3/07

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Joseph Y. Alouf

ENDORSED
F I L E D
San Francisco County Superior Court

JUN 2 8 2007

GORDON PARK-LI, Clerk
BY: _____ JUN D. ANGELO
Deputy Clerk

1  Edwin Bradley, 141932
   Attorney At Law
2  One Maritime Plaza, Suite 400       **CASE MANAGEMENT CONFERENCE SET**
3  San Francisco, CA 94111
   (415) 434-3101
4
   Attorneys For Plaintiff:              NOV 2 1 2007 -9ᵒᵒAM
5  JOSEPH Y. ALOUF
6                                        **DEPARTMENT 212**
7
8        SUPERIOR COURT OF THE STATE OF CALIFORNIA
9           CITY AND COUNTY OF SAN FRANCISCO
10              CIVIL UNLIMITED JURISDICTION
11
12  JOSEPH Y. ALOUF,              )  No. **C6C-07-464537**
                                  )
13            Plaintiff,          )  **COMPLAINT FOR SPECIFIC**
                                  )  **PERFORMANCE AND FOR MONEY**
14  v.                            )  **DAMAGES:**
                                  )  **Amount Demanded Exceeds $25,000**
15  PRUDENTIAL FINANCIAL,         )
    INCORPORATED, a corporation, and DOES  )
16  ONE through TEN, inclusive,   )  **BREACH OF IMPLIED COVENANT OF**
                                  )  **GOOD FAITH AND FAIR DEALING;**
17            Defendant(s).       )  **UNJUST ENRICHMENT; CONVERSION.**
                                  )
18                                )  **EQUITABLE RELIEF REQUESTED.**
                                  )
19  _____)
20       Plaintiff Alleges:
21                          **COMMON FACTS**
22       1.      Plaintiff is, and at all times herein mentioned was, a resident of the State of California
23  and the County of San Francisco.
24       2.      Defendant PRUDENTIAL FINANCIAL, INCORPORATED (hereinafter Prudential)
25  is, and at all times herein mentioned was, a corporation authorized to do business and doing business
26  within the State of California and in the City and County of San Francisco.  Jurisdiction and venue are
27  proper with this court.
28

COMPLAINT FOR MONEY                                                          1

3.    Plaintiff sues DOES ONE through TEN, inclusive, and each of them, by this fictitious designation because their true names and capacities and basis for liability are presently unknown to Plaintiff.  Plaintiff will amend this Complaint with the true names of such defendants as soon as they are known to him.  Plaintiff alleges that each defendant is liable for the actions of the other defendants on the grounds of agency, employment or the doctrine of *respondeat superior* unless otherwise stated herein.

4.    Between the years 1990 and 2005, approximately, Plaintiff Alouf and Defendant Prudential and DOES One through Five entered into an employment agreement that was partially written and partially oral and included various implied terms.  The purpose of entering the employment agreement was, among others, so that Plaintiff could engage in his profession of providing expert financial services to Prudential and its clients in exchange for receiving valuable compensation from Prudential.  Plaintiff Alouf performed his obligations under the employment agreement to the highest standards of the industry and throughout his employment Plaintiff received express recognition of his many accomplishments on behalf of Defendant and express recognition of Plaintiff's substantial contribution to the revenues of Defendant Prudential during the years of his employment.

5.    When Plaintiff voluntarily elected to leave his position at Prudential, the parties hereto agreed that Plaintiff would continue in his duties for nearly six months after the decision to conclude his employment.  By mutual agreement, and after finalizing two important deals for Prudential, and at considerable extra effort and expense to Plaintiff, Plaintiff did leave Prudential in a planned and orderly manner on or around July 6, 2005 with the thanks and appreciation of his employer for many years of dedicated and valuable service to the company.

6.    Included among the compensation that Prudential agreed to furnish to Plaintiff were salary and other benefits of employment including options to purchase stock shares in Prudential Corporation at a preferred price not otherwise available to buyers on the open market desirous of such stock shares. The parties agreed between them that such options to purchase Prudential stock shares were intended to and did actually serve as part of Plaintiff Alouf's compensation provided in the form of an incentive to excellent performance by Plaintiff Alouf of his duties at the service of

Defendant Prudential. From time to time and at regular intervals, and pursuant to the above-alleged agreement, Prudential did award to Plaintiff options to purchase its stock as express recognition of Plaintiff's excellent performance of his duties.

7.    By the terms of their agreement, the parties understood and agreed that, to the extent practicable and in the ordinary course of events, Plaintiff would exercise of his right to purchase stock shares that had accrued to him prior to or on the last day of his employment at Prudential. Although there was no technical, legal, or other necessity for this term, the parties understood that such deadline, in ordinary circumstances, served to provide an objective limit to the rights and obligations of the parties with respect to those options to purchase stock and was so intended.

8.    In accordance with this understanding, Plaintiff Alouf did attempt, by ordinary electronic means and through the use of telecommunications equipment, to exercise his option to exercise his right to purchase the stock options that had accrued to him. On or around June 27, 2005, prior to the ostensible "deadline" for the exercise of his options, Plaintiff diligently and to the best of his abilities did perform the tasks necessary to exercise his Prudential options by the method known as a "cashless transaction" with Plaintiff's securities broker. To the best of his ability, and with the specific intention of exercising his Prudential options prior to his last day of employment, Plaintiff Alouf attempted on or around that day to conclude the transaction in accordance with the intentions and objectives of the stock option agreement.

9.    Prior to leaving the employ of Prudential, and on or around July 6, 2005, Defendant's "human resources" executive Marney Garfinkel met with Plaintiff to discuss matters related to his departure. At that meeting, and at a time when Plaintiff's options were still available to him to exercise to his benefit as intended, Ms. Garfinkel reminded Plaintiff to exercise his vested options before the end of his employment. Plaintiff responded to Garfinkle that he had in fact done so the week prior, as alleged more fully above. Believing the matter resolved, neither Plaintiff nor Defendant's agent discussed Plaintiff's stock options further during the time of Plaintiff's employment on July 6, 2005.

10.    As of the last day he performed work for Prudential, Plaintiff Alouf reasonably believed that he had manifested his intention to exercise his stock options and that he had perfected

1  his right to receive and enjoy those stock options in accordance with the purpose and intention of

2  his agreements with Prudential.

3      11.    On or around July 11, 2007, Plaintiff came to understand that the transaction he

4  performed on or around June 27, 2005, as alleged more fully above, did not result in the desired

5  effect of completing the exercise of Plaintiff's Prudential options. For reasons unknown to Plaintiff,

6  his express intention to exercise his Prudential stock options failed or was otherwise frustrated.

7      12.    As alleged more fully above, Plaintiff has performed all the acts, services, and

8  conditions required by the Agreement to be performed on his part except for those that were

9  impossible or excused. The ultimate failure of the transaction was only partial and was immaterial

10  to the intentions and rights of the parties and when brought to the attention of Defendants was

11  capable of being fully compensated for with no true prejudice to the rights of the parties.

12      13.    Immediately upon discovering that his exercise of the Prudential stock options had

13  failed or was otherwise frustrated, Plaintiff brought that fact to the attention of his employer at

14  Prudential. At a time when it was plainly and clearly within the power and ability of Prudential, if it

15  so chose, to relieve Plaintiff of the inadvertent forfeiture of approximately 1900 options to purchase

16  Prudential stock at a substantial discount, Defendant elected to do nothing.

17      14.    At or around the same time that Plaintiff discovered that his options exercise had

18  failed or otherwise frustrated, Prudential informed Plaintiff that it had made certain errors regarding

19  his final compensation package. At the request of Defendants, and after having brought the options

20  exercise failure to Prudential's attention, Plaintiff cooperated with Defendants to reconcile

21  Defendants' error that had resulted in an overpayment to Plaintiff.

22      15.    In substantial part, plaintiff cooperated with Prudential by agreeing to the

23  adjustment of the date of Plaintiff's final day of employment to avoid the unjust enrichment of

24  Plaintiff at the expense of Defendant. Although his claim regarding the stock options had at that

25  time been presented to Prudential but had not been resolved, Plaintiff cooperated fully and in good

26  faith with Prudential's effort to correct its error and to avoid the unjust enrichment of Plaintiff.

27      16.    During an extended period of time immediately after his employment, and during

28  which Plaintiff continued to cooperate with Prudential to rectify its error, Plaintiff sought redress of

1   his stock options forfeiture. Defendants, through their agents, at various times delayed and stalled

2   and avoided contact with Plaintiff's repeated written and verbal requests that Defendant cooperate

3   to correct the inexplicable and unintended failure of his options exercise transaction and the

4   resultant forfeiture.

5       17.     At all relevant times, Plaintiff Alouf was and now is ready, willing, and able to

6   perform the conditions required of him to be performed in accordance with the terms and conditions

7   of the underlying agreement and Plaintiff has offered, and continues to offer, to perform them. In

8   due course, and after considerable, unjustified delay, Defendants through their agents denied

9   Plaintiff's request for cooperation to avoid the forfeiture and otherwise refused to correct that

10  situation all to the continuing detriment and loss of Plaintiff.

11      18.     Plaintiff has no adequate legal remedy in that the options to purchase Prudential

12  stock had peculiar value and could not be acquired on the open market as such and such rights as

13  Plaintiff had were acquired by him as part of an employment compensation package that is no

14  longer available to him.

15      WHEREFORE, plaintiff Joseph Y. Alouf prays judgment against defendants PRUDENTIAL

16  FINANCIAL and DOES One through Ten, and each of them, as follows and as set forth more fully

17  below:

18          1.      That Defendants be ordered to fully reinstate Plaintiff's rights to purchase

19              approximately 1,900 shares of Prudential stock at the closing price as of June 27, 2005

20              and to cooperate with Plaintiff as necessary to complete this exercise transaction.

21

22                          FIRST CAUSE OF ACTION

23          **BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

24                  *Against Defendants Prudential Financial Incorporated*

25                      *And DOES One through FIVE, inclusive.*

26      19.     Plaintiff incorporates by this reference paragraphs First through Eighteenth, above

27  as if fully set forth herein.

28      20.     Implied within Plaintiff's agreement with Defendants is a covenant that required

COMPLAINT FOR SPECIFIC PERFORMANCE AND FOR MONEY DAMAGES                    5

each party to act toward the other party in such a way as so as not to deprive the other of the intended benefits of the agreement. Plaintiff has honored this covenant and has at all times acted so that Defendants would and did in fact receive the benefits of their agreement with Plaintiff.

21.    Defendants Prudential Financial and DOES One through Five, and each of them, have breached the implied covenant of good faith and fair dealing by delaying and obstructing and refusing to take simple actions that were lawful and within their power that would permit Plaintiff to obtain the benefit of his agreement with Prudential. While Prudential received substantial and continuous valuable consideration from Plaintiff during and after the term of his employment, the actions and failures to act by Defendants have the result of denying Plaintiff the expected benefit of his agreement, of causing Plaintiff to endure an unreasonable forfeiture, and of unjustly enriching Defendants and each of them.

22.    As a direct and consequential result of said breach by these Defendants, Plaintiff has suffered and continues to suffer substantial financial loss as shall be proved more fully at trial.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth more fully below.

## SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT

*Against Defendants Prudential Financial Incorporated*

*And DOES One through FIVE, inclusive.*

23.    Plaintiff incorporates by this reference paragraphs First through Twenty-second, above, as if fully set forth herein.

24.    Defendants by their own actions and failures to act, as alleged more fully above, have unjustly enriched themselves by accepting and benefiting from Plaintiff's years of excellent service as an employee while failing and/or refusing to take actions within their power that would permit Plaintiff to exercise the options and thereby receive the agreed-upon and earned compensation for the benefit conferred to Prudential through Plaintiff's skill, diligence and dedication. Defendants have unjustly and in bad faith kept for themselves the value inherent in Plaintiff's right to exercise the options that are the subject of this lawsuit.

25.·     These actions and failures to act by Defendants, and each of them, constitute an unjust enrichment of Defendants.

26.     As a direct and consequential result of said breach by these Defendants, Plaintiff has suffered and continues to suffer substantial financial loss as shall be proved more fully at trial. WHEREFORE, Plaintiff prays judgment against Defendants as set forth more fully below.

## THIRD CAUSE OF ACTION

### CONVERSION

Against Defendants Prudential Financial Incorporated

And DOES One through FIVE, inclusive.

27.     Plaintiff incorporates by this reference paragraphs First through Twenty-sixth, above, as if fully set forth herein.

28.     Defendants actions in refusing or failing or otherwise preventing Plaintiff from correcting the mistake or other failure of his stock options exercise have kept control of valuable property that would otherwise have come to Plaintiff's possession and inured to his benefit. In so doing, Defendants have interfered with, and have without legal justification retained for themselves and converted to their own use and enrichment enrichment valuable assets to which Plaintiff would otherwise have a perfected right to use and enjoy at his discretion.

29.     These actions by Defendants, and each of them, constitute a conversion of valuable property in which Plaintiff otherwise had a perfected right to possess.

30.     As a direct and consequential result of the actions and failure to act of these Defendants, and each of them, Plaintiff has and continues to suffer the loss of valuable property to his detriment in an amount as shall be proved at trial.

31.     As a direct and consequential result of the actions and failures to act of these Defendants, and each of them, Plaintiff has suffered general damages in the form of mental anguish, frustration and annoyance in an amount as shall be proved at trial.

/ / /

/ / /

1    WHEREFORE, plaintiff Joseph Y. Alouf prays judgment against defendants PRUDENTIAL

2    FINANCIAL, INCORPORATED and DOES One through Ten, and each of them, as follows:

3           1.    For special damages according to proof at trial;

4           2.    For general damages according to proof at trial;

5           3.    For costs of suit incurred herein;

6           4.    For such other and further relief as deemed proper by the court.

7    DATED:  June 21, 2007

8

9    _Edwin Bradley_

          Edwin Bradley

10        Attorney for Plaintiff

          Joseph Y. Alouf

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NUMBER: CGC-07-464537  JOSEPH Y. ALOUF VS. PRUDENTIAL FINANCIAL INCORP

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

> **DATE:** NOV-21-2007
>
> **TIME:** 9:00AM
>
> **PLACE:** **Department 212**
> **400 McAllister Street**
> **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR)
# Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

ADR-1  1/06 (bc)

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**           ☐   **Mediation Services of BASF**  ☐   **Judicial Mediation**
☐ **Binding arbitration**                                                                  Judge _____
☐ **Non-binding judicial arbitration**                                         Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____


_____  _____  _____
Name of Party Stipulating        Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney

☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant          Dated: _____


_____  _____  _____
Name of Party Stipulating        Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney

☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant          Dated: _____


_____  _____  _____
Name of Party Stipulating        Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney

☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant          Dated: _____


☐  *Additional signature(s) attached*

ADR-2  3/06                 **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

| A **CASE MANAGEMENT CONFERENCE** is scheduled as follows: |
|---|

Date:                    Time:              Dept.:            Div.:              Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**          Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

  a. ☐ The party or parties have completed all discovery.

  b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| | | |

  c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**

  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other issues**

  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

  a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**

Previous case management orders in this case are (check one): ☐ none ☐ attached as Attachment 21.

**22.** Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| (TYPE OR PRINT NAME) | ► (SIGNATURE OF PARTY OR ATTORNEY) |
| (TYPE OR PRINT NAME) | ► (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached

CM-110 (Rev. January 1, 2007)      CASE MANAGEMENT STATEMENT      Page 4 of 4



# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David L. Ballati | The Honorable Tomar Mason |
| The Honorable Anne Bouliane | The Honorable James J. McBride |
| The Honorable Ellen Chaitin | The Honorable Kevin M. McCarthy |
| The Honorable John J. Conway | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Evans Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Curtis E. A. Karnow | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

1   FOLGER LEVIN & KAHN LLP
    Susan W. Ansberry (SB# 121300, sansberry@flk.com)
2   Cecilia C. Ogbu (SB# 227103, cogbu@flk.com)
    Embarcadero Center West
3   275 Battery Street, 23rd Floor
    San Francisco, CA 94111
4   Telephone: (415) 986-2800
    Facsimile: (415) 986-2827
5
    Attorneys for Defendant Prudential Financial, Inc.
6

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

JUL 3 0 2007

GORDON PARK-LI, Clerk
BY_____
                    Deputy Clerk

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      COUNTY OF SAN FRANCISCO

9                       UNLIMITED JURISDICTION

10

11   JOSEPH Y. ALOUF,                          CASE NO. CGC-07-464537

12              Plaintiff,

13        v.                                   **DEFENDANT'S ANSWER TO
                                               PLAINTIFF'S UNVERIFIED
                                               COMPLAINT FOR SPECIFIC
14   PRUDENTIAL FINANCIAL,                      PERFORMANCE AND FOR MONEY
     INCORPORATED, a corporation, and DOES      DAMAGES**
15   ONE through TEN, inclusive,
                                               Complaint Filed:   June 22, 2007
16              Defendant(s).

17

18        Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant Prudential

19   Financial, Inc. (hereinafter "Prudential") answers the unverified Complaint for Specific

20   Performance And For Money Damages (hereinafter "Complaint") of Plaintiff Joseph Y. Alouf

21   (hereinafter "Plaintiff"), on file herein, as follows:

22                        **ANSWER TO COMMON FACTS**

23        Prudential generally denies each and every allegation contained in paragraphs 1 through

24   18.1, inclusive, of Plaintiff's Complaint.

25                   **ANSWER TO FIRST CAUSE OF ACTION**

26           (Breach of Implied Covenant of Good Faith & Fair Dealing)

27        Prudential generally denies each and every allegation contained in paragraphs 19 through

28   22, inclusive, of Plaintiff's first cause of action in the Complaint.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR
SPECIFIC PERFORMANCE AND FOR DAMAGES; CASE NO. CGC- 07-460273

### ANSWER TO SECOND CAUSE OF ACTION
(Unjust Enrichment)

Prudential generally denies each and every allegation contained in paragraphs 23 through 26, inclusive, of Plaintiff's second cause of action in the Complaint.

### ANSWER TO THIRD CAUSE OF ACTION
(Conversion)

Prudential generally denies each and every allegation contained in paragraphs 27 through 31, inclusive, of Plaintiff's third cause of action in the Complaint.

### DAMAGES

Prudential further specifically denies that Plaintiff has suffered any injury or damages of any kind attributable in any way to any act or omission on the part of Prudential.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Facts Sufficient to Constitute a Cause of Action)

As a first and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Prudential alleges that the Complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against Prudential.

### SECOND AFFIRMATIVE DEFENSE
(Vague, Ambiguous, and Uncertain Allegations)

As a second and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Prudential alleges that Plaintiff is barred from recovery because the allegations in the Complaint and each cause of action therein are vague, ambiguous and uncertain.

### THIRD AFFIRMATIVE DEFENSE
(No Basis for General Damages)

As a third and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Prudential alleges that Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award general damages for mental anguish, frustration, and annoyance to Plaintiff under the causes of action alleged in the Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR
SPECIFIC PERFORMANCE AND FOR DAMAGES; CASE NO. CGC- 07-460273

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a fourth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Prudential alleges that Plaintiff's damages, if any, are barred to the extent that Plaintiff has failed to mitigate damages, and any recovery of damages, if any there be, should be reduced in the amount by which Plaintiff should have mitigated those alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

### (No Malice/Good Faith Belief)

As a fifth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Prudential alleges that at all times and places mentioned in the Complaint, Prudential acted reasonably, with due care, without malice and with a good faith belief in the propriety of its conduct at all times material to the allegations in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

As a sixth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Prudential alleges that Plaintiff's recovery in this action is barred in whole or in part by the doctrine of laches as a result of Plaintiffs' unexcused delay in submitting his demands and claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equity/Waiver/Estoppel/Unclean Hands)

As a seventh and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Prudential alleges that Plaintiff's recovery in this action is barred by the doctrines of equity, waiver, estoppel and/or unclean hands based upon Plaintiff's own conduct or inaction.

## EIGHTH AFFIRMATIVE DEFENSE

### (Full Performance of an Obligation)

As an eighth and separate defense, and solely by way of an alternative defense, not to be

-3-

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR
SPECIFIC PERFORMANCE AND FOR DAMAGES; CASE NO. CGC- 07-460273

1  construed as an admission, Prudential alleges Prudential performed and discharged in good faith

2  each and every obligation owed Plaintiff, and this action is therefore barred.

3  ### NINTH AFFIRMATIVE DEFENSE

4  (Failure to Perform by Plaintiff)

5  As a ninth and separate defense, and solely by way of an alternative defense, not to be

6  construed as an admission, Prudential alleges that Plaintiff has failed to perform all terms,

7  conditions, covenants and agreements required to be performed by Plaintiff as a condition

8  precedent to recovery in this lawsuit, such that Plaintiff's claims are barred.

9  ### TENTH AFFIRMATIVE DEFENSE

10  (Excuse for Non-Performance)

11  As a tenth and separate defense, and solely by way of an alternative defense, not to be

12  construed as an admission, Prudential alleges that this action is barred, in whole or in part,

13  because Prudential's alleged non-performance was excused.

14  ### ELEVENTH AFFIRMATIVE DEFENSE

15  (Express or Implied Consent)

16  As an eleventh and separate defense, and solely by way of an alternative defense, not to be

17  construed as an admission, Prudential alleges that Plaintiff at all times gave its consent, express

18  or implied, to any and all acts, omissions, and any and all conduct of Prudential, if any, alleged in

19  the Complaint.

20  ### TWELFTH AFFIRMATIVE DEFENSE

21  (No Injury to Plaintiff)

22  As a twelfth and separate defense, and solely by way of an alternative defense, not to be

23  construed as an admission, Prudential alleges that Plaintiff has not suffered any injury, damage,

24  loss or harm due to any actions by Prudential.

25  ### THIRTEENTH AFFIRMATIVE DEFENSE

26  (Mistake)

27  As a thirteenth and separate defense, and solely by way of an alternative defense, not to be

28

-4-

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR
SPECIFIC PERFORMANCE AND FOR DAMAGES; CASE NO. CGC- 07-460273

1    construed as an admission, Prudential alleges that one or both parties made a mistake of law or

2    fact, including mistake as to the meaning of any alleged agreement, and Plaintiff's claims are

3    barred by reason of the provisions of sections 1567, 1576, 1577, and 1578 of the California Civil

4    Code respecting mistake of fact and law.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Adequacy of Remedy at Law)

7    As a fourteenth and separate defense, and solely by way of an alternative defense, not to

8    be construed as an admission, Prudential alleges that the injuries alleged in the Complaint would

9    be adequately compensated in an action at law for damages.  Accordingly, Plaintiff has a

10    complete and adequate remedy at law and is not entitled to seek specific performance.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Statute of Frauds)

13    As a fifteenth and separate defense, and solely by way of an alternative defense, not to be

14    construed as an admission, Prudential alleges that Plaintiffs claims are barred by the applicable

15    statute of frauds, including but not limited to that set forth in California Civil Code section

16    1624(a).

### SIXTEENTH AFFIRMATIVE DEFENSE

(Acts and Omissions of Others)

19    As a sixteenth and separate defense, and solely by way of an alternative defense, not to

20    be construed as an admission, Prudential alleges that any injuries and damages sustained by

21    Plaintiffs, if any there were, were caused by negligence, intentional acts, or omissions of persons

22    or entities other than Prudential.

### RESERVATION OF DEFENSES

24    Prudential reserves the right to raise additional affirmative defenses as they become

25    known during the course of litigation.

26    WHEREFORE, Prudential prays as follows:

27    i.    For judgment in favor of Prudential against Plaintiff, and that Plaintiff take nothing

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR
SPECIFIC PERFORMANCE AND FOR DAMAGES; CASE NO. CGC- 07-460273

1    by his Complaint;

2    ii.    That the Complaint herein be dismissed;

3    iii.    That Prudential be awarded its costs of suit incurred in the defense of this action;

4    and

5    iv.    For such other and further relief as this Court deems just and proper.

6

7    Dated:  July 30, 2007                                FOLGER LEVIN & KAHN LLP

8

9

10                                                        Susan W. Ansberry
                                          Attorneys for Defendant Prudential Financial, Inc.

11

12    00001\0035\559426.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR
SPECIFIC PERFORMANCE AND FOR DAMAGES; CASE NO. CGC- 07-460273

**PROOF OF SERVICE**

I, Daniela Mehedinti, state:

I am a resident of the United States and am employed in the City and County of San Francisco, State of California where the mailing occurred; I am over the age of eighteen years and not a party to the within action; my business address is Embarcadero Center West, 275 Battery Street, 23rd Floor, San Francisco, California 94111.

On the date set forth below, I caused a copy of the following document(s) identified below

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR SPECIFIC PERFORMANCE AND FOR MONEY DAMAGES**

to be mailed by FIRST CLASS MAIL on the following person(s) in this action:

**Edwin Bradley**
**Attorney at Law**
**One Maritime Plaza, Suite 400**
**San Francisco, CA 94111**

I enclosed the documents identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid. I placed the envelope or package for collection and mailing, following our ordinary business practice. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July 30, 2007, at San Francisco, California.

*Daniela Mehedinti*
Daniela Mehedinti