FOLGER LEVIN & KAHN LLP
Susan W. Ansberry (SB# 121300, sansberry@flk.com)
Cecilia C. Ogbu (SB# 227103, cogbu@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendant Prudential Financial, Inc.

BRADLEY & PEDERSEN
Edwin L. Bradley II (SB # 141932, edbradlawyer@yahoo.com)
50 California Street, Suite 3400
San Francisco, CA 94111
Telephone: (415) 434 3101
Facsimile: (415) 434 6336

Attorneys for Plaintiff Joseph Y. Alouf

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH Y. ALOUF,

Plaintiff,

v.

PRUDENTIAL FINANCIAL, INCORPORATED, a corporation, and DOES ONE through TEN, inclusive,

Defendant.

Case No. C 07-03893 MMC

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER.**

**Judge:** **Hon. Maxine M. Chesney**
**Date:** **February 15, 2008**
**Time:** **10:30 a.m.**
**Courtroom:** **No. 7, 19th Floor**

Pursuant to the "Standing Order for All Judges of the Northern District of California," issued March 1, 2007, the parties to the above-entitled action, Defendant Prudential Financial, Inc. ("Defendant") and Plaintiff Joseph Y. Alouf ("Plaintiff"), submit this Joint Case Management Statement and Proposed Case Management Order and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

1. Jurisdiction and Service:

[*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*]

This Court has jurisdiction over the above-entitled civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

2. Facts:

[*A brief chronology of the facts and a statement of the principal factual issues in dispute.*]

Defendant Prudential Financial, Inc. is a holding company based in Newark, New Jersey, which owns a number of companies which provide a variety of insurance and investment services to customers worldwide. In 2002, Defendant began to offer stock options to purchase shares of Defendant's stock to certain employees of its subsidiaries in part to motivate those employees through incentives. Defendant's Board of Directors approved the Prudential Financial, Inc. Stock Option Plan in 2001, and approved the Prudential, Financial, Inc. Omnibus Incentive Plan in 2003, into which the earlier stock option plan was merged. Under the terms of both stock option plans, the ability to amend the rules and regulations regarding the plans was limited to Defendant's Board of Directors. Both plans also provided that any granted stock options would expire upon an employee's termination.

Defendant contends that Plaintiff was employed as a Senior Vice President of Prudential Capital Group, a unit of Prudential Investment Management, Inc. ("PIM"), one of Defendant's indirect subsidiaries. Plaintiff contends that he was employed in that position by Prudential Financial, the issuer of his paychecks. Defendant granted Plaintiff certain stock options as part of the stock option program. Pursuant to the stock option plan agreement, if Plaintiff did not exercise his vested stock options on or before his last day of employment, any and all remaining options would expire. Plaintiff executed Grant Acceptance Agreements when he was awarded

stock options, acknowledging that the stock option plan document governed the terms and conditions of the stock option program.

Plaintiff contends that Plaintiff and Defendant cooperated over a period of nearly six months to agree upon Plaintiff's last day at Prudential. Plaintiff contends that the parties agreed to extend Plaintiff's employment on several occasions so that Plaintiff could conclude pending business on behalf of Prudential and at Prudential's request.

In May 2005, Plaintiff exercised 6796 vested stock options using E*Trade's IVR telephone system. 1636 more of the options granted to Plaintiff vested on June 19, 2005 and Plaintiff was then free to exercise them. Plaintiff contends that he attempted to exercise the stock options at issue in this case in the same fashion as previously done, by a telephone "cashless" transaction. Plaintiff contends that he discussed the fact that he had exercised the options at issue here with several co-workers and he informed the HR representative who performed his exit interview that he had already exercised when he was reminded of the need to do so on his last day of employment.

Plaintiff contends that for reasons unknown to him, the cashless telephone transaction did not complete. Defendant contends that Plaintiff did not exercise the options before his last day of employment on July 5, 2005. After July 5, 2005, Plaintiff's remaining options expired. After his last day of employment with PIM, Plaintiff contacted PIM and alleged that he had attempted to exercise those expired options before his last day of employment, but his attempt was not effective for reasons unknown to him.

Plaintiff requested assistance from PIM and Defendant to either reinstate the approximately 1636 stock options that expired, or to adjust his termination date so that he could exercise the options as a current employee, or some other solution that he had not thought of. PIM began to work with Plaintiff to investigate whether Plaintiff had exercised his options; however, Plaintiff was unable to either provide a confirmation number for the exercise of his options or give Defendant an exact date on which he exercised his options. After extensive communications back and forth, on August 18, 2005, PIM informed Plaintiff that it could not reinstate the options or take further action, citing the terms of the stock option plan, which

provided that the options expired once Plaintiff left the company. Moreover, PIM contends that it did not have the authority under the stock option plan to amend its terms to allow Plaintiff to exercise his options after his last day of employment as only the Board of Directors of Prudential Financial, Inc., could modify the plan.

On June 22, 2007, Plaintiff filed suit in the Superior Court of California, San Francisco County. Defendant removed the action to the present Court on the basis of diversity jurisdiction.

3. <u>Factual Issues in Dispute</u>:

a. Defendant asserts that there is a factual dispute as to whether Plaintiff had any employment agreement with Defendant or was ever employed by Defendant.

b. Defendant asserts that there is a factual dispute as to whether any agreement between the parties varied the requirement of the stock option plan that options be exercised before an employee's last day of employment.

c. Defendant asserts that there is a factual dispute as to whether there were any oral agreements between the parties that include terms regarding Plaintiff's exercise of stock options.

d. Defendant asserts that there is a factual dispute as to whether Defendant cooperated with Plaintiff when he presented the issue of his unexercised, expired stock options.

e. Defendant asserts that there is a factual dispute as to whether Plaintiff mitigated his alleged damages by exhausting his remedies against E*Trade.

f. Plaintiff contends that Prudential did not cooperate in good faith and fairly with him when he sought assistance with the problem.

g. Plaintiff contends that Prudential falsely claimed to have investigated his request when it did not do so.

h. Plaintiff contends that Defendant was in fact able to adjust his termination date to permit exercise of the options, if Defendant had chosen to do so.

i. Plaintiff contends that after he had asked for assistance, Defendant discovered that it had mis-calculated his termination date and vacation pay and then asked for Plaintiff's cooperation to adjust the records to avoid over payment.

j. Plaintiff contends that the stock options plan was a replacement plan for the prior Long-term Incentive Plan (LTIP) and that the plan's purpose was to afford incentive pay for actual accomplishments in his employment objectives.

k. Plaintiff contends that his employment agreement and Prudential employee compensation policies and practices apply to the instant dispute.

4. Legal Issues:

[*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*]

a. Whether New Jersey law applies to Plaintiff's claims because the Grant Acceptance Agreement provided that the contract would be interpreted under New Jersey law.

b. Whether the terms of the stock option plan could be modified by anyone other than Defendant's Board of Directors.

c. Whether the implied terms of Plaintiff's alleged employment agreement are to be applied instead of the express terms of the parties' stock option plan agreement.

d. Whether Plaintiffs' claims for unjust enrichment and conversion are barred by Defendant's compliance with the express provisions of the stock option agreement.

e. Whether the terms of the prior Long-Term Incentive Plan (LTIP), which did not include provisions regarding grants of stock options, are relevant to Plaintiff's claims regarding expired stock options granted pursuant to a Grant Acceptance Agreement and other stock option plan documents.

f. Whether the awarded stock options were earned compensation and were a benefit of employment.

g. Whether Defendant's failure or refusal to cooperate with Plaintiff's request resulted in a forfeiture of earned employment compensation owed pursuant to State Law.

h. Whether Defendant's failure or refusal to cooperate with Plaintiff's request resulted in unjust enrichment of Defendant.

i. Whether Defendant's obligations as an employer under the employment agreement with Plaintiff had terminated as of the time Plaintiff sought assistance with the stock options problem he encountered.

j. Whether tort damages are available to Plaintiff.

5. Motions:

[*All prior and pending motions, their current status, and any anticipated motions.*]

There are no pending motions in this action.

Defendant anticipates filing a motion for summary judgment.

6. Amendment of Pleadings:

[*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*]

Defendant does not expect to add or delete any parties, claims, or defenses at this time. Plaintiff contends that he has sued his former employer while Defendant claims he has not. Plaintiff will amend to include additional defendants if necessary.

7. Evidence Preservation:

[*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*]

Defendant has taken steps to preserve evidence relevant to the issues reasonably evident in this action, including all documents and electronically-recorded materials (such as e-mails, to the extent that they exist). Plaintiff does not intend to destroy anything known to be relevant to this dispute.

8. Disclosures:

[*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*]

The parties shall serve their initial disclosures no later than November 1, 2007.

9. Discovery:

[*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*]

Neither party has taken any discovery to date.

Depending on the contents of Plaintiff's initial disclosures, Defendant intends to conduct written discovery for the basis of Plaintiff's allegations including his allegations that he did attempt to exercise his stock options before they expired and his allegations that Defendant had the obligation to reinstate his options even after they expired. Based on information available to Defendant at this time, Defendant intends to take the deposition of Plaintiff. It is possible that additional depositions will be necessary.

Plaintiff intends to depose a number of Prudential employees involved in Plaintiff's request for assistance with this matter. A number of these witnesses are located in Newark, New Jersey. Defendant has agreed to cooperate in accomplishing these depositions to the extent practicable. Plaintiff also plans written discovery including interrogatories, document requests, and requests for admissions.

a. **Proposed Discovery Plan pursuant to Rule 26(f):**

The parties agree to conduct pretrial discovery, including expert discovery in accordance with the limits set forth in the Federal Rules of Civil Procedure and the United States District Court for the Northern District of California Civil Local Rules.

10. Class Actions:

[*If a class action, a proposal for how and when the class will be certified.*]

Not applicable.

11. Related Cases:

[*Any related cases or proceedings pending before another judge of this court, or before*

*another court or administrative body*.]

None.

12. Relief:

[*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*]

Defendant does not seek damages at this time. Defendant asserts that if liability can be established, Plaintiff is limited to contract damages and not tort or special damages.

Plaintiff seeks contract damages as customarily ascertained in the valuation of after-the-fact stock options awards. Plaintiff also seeks tort damages where applicable when liability is established on any of those claims for relief.

13. Settlement and ADR:

[*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*]

The parties have not previously participated in any ADR process. The parties jointly request referral to Early Neutral Evaluation.

At this time, the parties anticipate that they may be prepared for Early Neutral Evaluation hearing by November 26, 2007.

Defendant will be able to identify the discovery necessary to negotiate a resolution after Plaintiff makes his initial disclosures.

14. Consent to Magistrate Judge For All Purposes:

[*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*]

Defendant does not consent to having a magistrate judge conduct all further proceeding and filed a Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge on October 5, 2007. Notice of Impending Reassignment to a United

States District Court Judge was filed in this action on October 31, 2007.

15. Other References:

[*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*]

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

16. Narrowing of Issues:

[*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*]

Defendant may propose bifurcation of issues following initial discovery.

17. Expedited Schedule:

[Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.]

No.

18. Scheduling:

[*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*]

The parties jointly request the following schedule:

a. All fact discovery to be completed by June 1, 2008;

b. Expert reports, if any, due June 27, 2008;

c. All expert discovery, if any, to be completed by August 15, 2008;

d. Dispositive motions to be filed by June 23, 2008;

e. Oppositions to dispositive motions to be filed by July 7, 2008;

f. Reply briefs to be filed by July 14, 2008;

g. Hearing on dispositive motions on July 28, 2008;

h. Trial on September 15, 2008 {bench or jury, resolve bifurcation Q}

19. Trial:

[*Whether the case will be tried to a jury or to the court and the expected length of the trial.*]

Plaintiff has requested a jury trial on all claims. Plaintiff expects a 3 day jury trial.

Defendant believes that certain claims should be bifurcated and expect a 1-2 day bench trial and a 1-2 day jury trial on any remaining claims.

20. Disclosure of Non-party Interested Entities or Persons:

[*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*]

Defendant filed its Certificate of Interested Parties on August 2, 2007. Defendant identified the following persons or entities:

a. Plaintiff Joseph Y. Alouf;

b. Defendant Prudential Financial, Inc.

c. Prudential Investment Management, Inc.

Plaintiff has knows of no other parties than those listed in Defendant's certificate.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

None.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This Joint Case Management Statement And [Proposed] Case Management Order is filed electronically by Defendant's counsel who hereby attests, in accordance with General Order 45 Section X(B), that Plaintiff concurs in the filing.

Dated: February 7, 2008

BRADLEY & PEDERSEN

*/s/ Edwin Bradley*
Edwin Bradley
Attorneys for
Plaintiff Joseph Y. Alouf

Dated: February 7, 2008

FOLGER LEVIN & KAHN LLP

*/s/ Cecilia C. Ogbu*
Cecilia C. Ogbu
Attorneys for
Defendant Prudential Financial, Inc.

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition, the Court orders :

Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this action.

IT IS SO ORDERED.

________________________________

By: Hon. Maxine M. Chesney

Date: ____________________________

75090\5001\586954.1